UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                              File No. 1:08-cr-27

v.

                                              HON. ROBERT HOLMES BELL

JOSE SANDOVAL,

    Defendant.
                                           /

## **MEMORANDUM OPINION AND ORDER**

On May 28, 2008, Defendant Jose Sandoval pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 1,000 kg or more of marijuana. The Court sentenced Defendant to sixty months of incarceration and four years of supervised release. (Dkt. No. 171, Am. J.) Before the Court is a motion by Defendant, proceeding pro se, for copies of his plea colloquy and sentencing transcripts without prepayment of fees or costs, pursuant to 28 U.S.C. § 753(f). (Dkt. No. 206.) After filing his motion, Defendant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which has been designated a separate civil action. (*Sandoval v. United States*, File No. 1:10-cv-243.) Plaintiff contends that the transcripts are necessary to litigate his § 2255 motion.

Section 753(f) provides, in relevant part:

Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis,

> shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

18 U.S.C. § 753(f). The statute makes clear that, in the context of § 2255 motions, the right to free transcripts is accorded to persons permitted to sue or appeal in forma pauperis. Though Defendant asserts generally that he is unable to pay for transcripts, he has not moved to proceed in forma pauperis in any proceeding or demonstrated that he meets the requirements in order to do so. *See* 28 U.S.C. § 1915(a).

Moreover, the Court cannot certify that the § 2255 proceeding "is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 18 U.S.C. § 753(f). Defendant's first claim in his § 2255 motion is "ineffective assistance of counsel under U.S. v. Arteca 411 F.3d 315; Miller v. Angliker, 848 F.2d 1312." (*Sandoval v. United States*, File No. 1:10-cv-243, Dkt. No.1.) Defendant's second claim is "counsel failure to file a notice of appeal on behalf of Defendant, and failure to reach a plea agreement where Defendant can get all the bargain benefits." (*Id.*) Neither of Defendant's claims in his § 2255 motion states facts on which the Court can discern a basis for a nonfrivolous suit, and Defendant does not indicate how the requested documents could support any of his claims. Trial counsel is not required to file an appeal in every case in order to satisfy the requirements of the Sixth Amendment; it cannot be said, for instance, that counsel would be ineffective for failing to file a groundless appeal. Finally, Defendant's claim that his counsel

failed to reach a certain plea agreement is too vague to support his motion for transcripts.

Accordingly,

**IT IS HEREBY ORDERED THAT** Defendant's motion for copies of transcripts (Dkt. No. 206) is **DENIED**.


Dated: April 21, 2010 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE